UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                          :

HIMELDA MENDEZ, *on behalf of all other persons*  :
*similarly situated*,
                                          :

                   Plaintiffs,       :            19-CV-9892 (JMF)

                                          :

         -v-                  :     MEMORANDUM OPINION
                                          :       AND ORDER

PAPA JOHN'S USA, INC.,              :

                                          :

                  Defendant.     :
                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case, brought by Himelda Mendez against Papa John's USA, Inc. ("Papa John's"), is

one of dozens recently filed in this District — many by the same plaintiffs and lawyers —

challenging restaurants, stores, and other establishments for their failures to sell gift cards that

are accessible to the blind.  The Second Circuit has not yet confronted such a challenge, but may

do so soon in a consolidated appeal (from, among others, a case in which Mendez is the

plaintiff).  *See* Order, *Mendez v. AnnTaylor, Inc*., No. 20-1550, ECF No. 40 (2d Cir. June 24,

2020) (consolidating related appeals and setting an expedited briefing schedule).  In the

meantime, judges in this District have been uniform in rejecting these suits.  Some judges have

done so on jurisdictional grounds, holding that the plaintiff bringing the suit lacks Article III

standing.  *See, e.g*., *Dominguez v. Banana Republic, LLC*, — F. Supp. 3d — , No. 19-CV-10171

(GHW), 2020 WL 1950496, at *4 (S.D.N.Y. Apr. 23, 2020); *Dominguez v. Pizza Hut of*

*America, LLC*, No. 19-CV-10175 (MKV), 2020 WL 3639977, at *3-4 (S.D.N.Y. July 6, 2020).

Some judges have done so on the merits, holding, among other things, that Title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, the federal law on which these suits rely, does not require public accommodations to sell accessible gift cards. *See, e.g.*, *Banana Republic, LLC*, 2020 WL 1950496, at *5-7; *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA), 2020 WL 3504178, at *8-10 (S.D.N.Y. June 29, 2020); *Dominguez v. Taco Bell Corp.*, — F. Supp. 3d — , No. 19-CV-10172 (LGS), 2020 WL 3263258, at *4 (S.D.N.Y. June 17, 2020). Not surprisingly, Papa John's moves to dismiss on both grounds. *See* ECF Nos. 24 ("Motion") & 25 ("Def.'s Mem."), at 5.

Under the circumstances, the Court feels no need to spill much new ink on either of the two issues. Instead, with respect to the issue of standing, it suffices to say that the Court is persuaded by the thoughtful and well-reasoned decision of Judge Abrams in *Boston Market Corp*. to conclude that Mendez does have Article III standing. Mendez's allegations here are indistinguishable from the plaintiffs' allegations in *Boston Market Corp*. In fact, the complaints in the two cases, which were drafted and filed (three days apart) by the same counsel, are — with the exception of the parties' names and relevant dates — nearly verbatim copies of one another. *Compare, e.g.*, ECF No. 23 ("FAC") (Feb. 11, 2020), ¶¶ 16, 21, 25, 57, 59, *with* First Amended Class Action Complaint, *Thorne v. Boston Market Corp.*, 19-CV-9932 (RA), ECF No. 17 (Feb. 14, 2020), ¶¶ 16, 21, 25, 57, 59, *and Boston Market Corp.*, 2020 WL 3504178, at *3-5. Although the standing issue is "close," the Court shares Judge Abrams's view that these allegations — taken as true — are sufficient to survive a motion to dismiss. *Boston Market Corp.*, 2020 WL 3504178, at *3-4; *see also Taco Bell Corp.*, 2020 WL 3263258, at *2-3.

With respect to the merits, the Court also follows Judge Abrams, whose persuasive decision built on the cogent initial analysis of Judge Woods in *Banana Republic, LLC*, to conclude that selling non-accessible gift cards does not run afoul of the ADA. Notably, her

decision addresses all of the arguments that Mendez makes here (a fact that is not surprising because, like the complaints in the two cases, the memoranda of law in opposition to the motions to dismiss in the two cases are nearly identical).  *Compare* ECF No. 27 ("Opp'n"), at 15-22, *with* Memorandum of Law in Opposition to Defendant's Motion to Dismiss, *Thorne v. Boston Market Corp.*, 19-CV-9932 (RA), ECF No. 28 (Mar. 19, 2020), at 15-21.  First, gift cards are not a public accommodation, distinguishing this case from the website accessibility cases that have also been a staple of ADA litigation in this District in recent years.  *See Boston Market Corp.*, 2020 WL 3504178, at *7-8.  Second, a gift card is a good, not a currency service, and the ADA by its terms — and per implementing regulations, *see* 28 C.F.R. §§ 36.307(a)-(c) — does not require that goods be sold in accessible form, let alone in the form demanded by Mendez or any particular customer.  *Boston Market Corp.*, 2020 WL 3504178, at *8-10.  Finally, conclusory allegations aside, Mendez does not come close to pleading that she made the necessary inquiry into whether Papa John's provides other auxiliary aids besides Braille gift cards, and so she cannot establish that Papa John's "fails to offer appropriate" or sufficient "auxiliary aids or services to assist visually impaired people in using its gift cards."  *Id*. at *10-12.

Thus, the Court concludes that Mendez's ADA claim must be and is dismissed.  That leaves two remaining issues: whether to exercise supplemental jurisdiction over Mendez's claims under state and local law and whether to grant Mendez leave to amend.  Neither requires extensive analysis.  With respect first, having dismissed Mendez's only federal claim, the Court declines to exercise supplemental jurisdiction over her other claims.  Under 28 U.S.C. § 1367(a), a district court has discretion over whether to exercise supplemental jurisdiction over state- and local-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution."  The Supreme Court and the Second Circuit have made clear, however, that, as a

general rule, "when the federal claims are dismissed the 'state [and local] claims should be

dismissed as well.'"  *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)

(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *accord Pension Benefit

Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,

712 F.3d 705, 726-27 (2d Cir. 2013).  Here, there is no basis to depart from that general rule.

The case is, as a legal matter, still at an early stage.  Thus, the traditional "values of judicial

economy, convenience, fairness, and comity" that the Court must consider do not counsel in

favor of exercising jurisdiction.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Moreover, the claims raise "novel" issues of state and local law.  28 U.S.C. § 1367(c).

Accordingly, Mendez's claims under state and local law are dismissed without prejudice to

refiling in state court.  *See Banana Republic, LLC*, 2020 WL 1950496, at *12 (declining to

exercise supplemental jurisdiction); *Boston Market Corp.*, 2020 WL 3504178, at *12 (same);

*Taco Bell Corp.*, 2020 WL 3263258, at *6 (same).

       As for whether to grant Mendez leave to amend, the Court declines to do so.  Although

leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is

"within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v.

Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  In this case, leave to amend is not

warranted because the problems with Mendez's ADA claim are substantive, and while Mendez

requests leave to amend in her Opposition, she does not argue that she possesses any additional

facts that could cure the defects in that claim.  *See* Opp'n 22 *see, e.g.*, *Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188

(JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as

to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).  Furthermore, Mendez was on notice of Papa John's' arguments when she filed the amended complaint in response to Papa John's' original motion to dismiss, and Mendez was expressly warned that she would "not be given any further opportunity" to amend the complaint.  ECF Nos. 20-23; *see, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)).  Finally, in a related case (the one now on appeal), Mendez was given an opportunity to amend her nearly identical complaint after it was dismissed by Judge Woods for substantially the same reasons, but she opted not to do so.  *Compare, e.g.*, FAC ¶¶ 16, 21, 25, 57, 59, *and* Opp'n 15-22, *with* First Amended Class Action Complaint, *Mendez v. AnnTaylor, Inc.*, No. 19-CV-10625 (GHW), ECF No. 16 (Feb. 20, 2020), ¶¶ 16, 21, 25, 57, 59, *and* *AnnTaylor, Inc.*, ECF No. 22, at 16-24; *see AnnTaylor, Inc.*, ECF Nos. 24-25.  In light of these circumstances, the Court will not grant Mendez leave to amend.

In short, Papa John's' motion to dismiss must be and is granted.  The Clerk of Court is directed to terminate ECF No. 24 and to close this case.

SO ORDERED.

Dated: July 21, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge